IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARIENCE BUILDERS, INC., ) | | |
| an Illinois corporation, ) | | |
| ) | | |
| Plaintiff, ) | No. 08 C 921 | |
| ) | | |
| v. ) | | |
| ) | | |
| SCOTT BALTES, ) | | |
| ) | | |
| Defendant. ) | | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS COMPLAINT**

Plaintiff, Arience Builders, Inc. ("Plaintiff"), by its undersigned attorneys, submits the following Response in Opposition to Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, as follows:

**I. Brief Background**

Plaintiff is a newly formed construction company performing residential home construction and remodeling in the Chicago land area. Defendant, Scott Baltes was formerly employed by Plaintiff pursuant to a "Designer's Employment Contract" dated September 19, 2007 (the Contract"), a copy of which is attached the Complaint as Exhibit "A."

As an employee, Defendant was given access to a laptop computer used to analyze, retrieve, utilize and/or record proprietary and confidential customer, financial and other business-related information and files belonging to Plaintiff. Such information included: pricing methods, appliance specifications, drawings, title blocks, elevations, works in progress, client scopes, plans, and other data belonging to Plaintiff and which Defendant utilized and collected in the course of his employment to identify potential customers, prepare construction bids and

otherwise service accounts (hereafter collectively referred to as Plaintiff's "Proprietary Business Information").[1]

On February 13, 2008, Plaintiff filed its Complaint with this Court. The basis of federal court jurisdiction is the federal Computer Fraud and Abuse Act (the "Act"), 18 U.S.C. Sec. 1030, *et seq.*, which, *inter alia,* prohibits intentionally accessing a protected computer without authorization and which access causes damage. 18 U.S.C. §1030(a)(5)(A) (i), (ii) and (B)(i).

Paragraphs 8 and 9 of Plaintiff's Complaint plainly allege, upon information and belief, that:

> 8. At or just prior to the termination of his employment with Plaintiff, Defendant decided to go into business and/or compete with Plaintiff and Defendant first secretly and maliciously copied and converted Plaintiff's Proprietary Business Information on said laptop computer for his own use, and then deleted, caused to be deleted, and intended to delete, Plaintiff's Proprietary Business Information from said laptop computer.
>
> 9. At or just prior to his termination of employment with Plaintiff, Defendant also copied and/or deleted or caused to be deleted other confidential and proprietary business data, information and trade secrets on said laptop computer and belonging to Plaintiff (as well as data that would have revealed the improper conduct in which Defendant had engaged before he departed from Plaintiff) and critical to its current and future business operations.

Count I of Plaintiff's Complaint further alleges that: (1) Defendant's misconduct constituted a *"code and/or command"* by him which was unauthorized and caused deletion of data and/or damage to Plaintiff's protected laptop computer and/or the described computer data stored therein, all in violation of one or more provisions of the Act (emphasis added); and (2) as a direct and proximate result thereof, Plaintiff has suffered damages in an amount over $5,000 and to be determined at trial. 18 U.S.C. §1030(g).

---

[1] In addition, Defendant expressly acknowledged and agreed in his employment Contract, at paragraph 6 (pp. 6-7), *inter alia,* that such Proprietary Business Information and data is confidential, that he will keep same confidential, and that such is and shall always remain Plaintiff's property.

Two weeks later, February 28, 2008, Defendant filed a separate lawsuit against Plaintiff in the Circuit Court of DuPage County, Illinois, seeking damages relating to and arising out of his employment and termination of his employment. In lieu of asserting his claims by way of a Counterclaim in the instant action, Defendant moves to dismiss, arguing that the Court lacks jurisdiction over this matter notwithstanding the Act's express language and interpretive case law.

As shown below, Defendant's Motion to Dismiss should be denied as Plaintiff has properly invoked the court's original jurisdiction under the Act (Count I) as well as supplemental jurisdiction of its state law claims (Counts II-IV).

## II. Count I Properly Alleges Claims Under 18 U.S.C. §1030, *et seq.*

The Act, which was amended in 2001 to provide civil remedies for damage to any "protected computer," significantly expanded the reach of the Act. The Act provides, *inter alia,* that whoever "knowingly causes the transmission of a…code or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer [a defined term that includes the laptop that Defendant used]," violates the Act. The Act further prohibits intentionally accessing a protected computer without authorization and which access recklessly causes damage. 18 U.S.C. §1030(a)(5)(A) (i), (ii) and (B)(i).

### A. *Airport Centers, LLC v. Citrin* Does Not Require 12(b)(6) Dismissal of the Case

Count I of Plaintiff's Complaint properly pleads these other salient prima facie elements for a claim under the Act. However, in an effort to evade liability under the Act, Defendant argues that *Airport Centers, LLC v. Citrin,* 440 F.3d 418 (7th Cir. 2006), requires dismissal of this case since it purports to hold that only certain types of computer "transmissions" fall within the Act's purview. This is simply not true and contrary to the actually holding in *Citrin*.

3

In *Citrin*, like here, an employee decided to open his own business in violation of his employment contract and, while still employed, loaded a program onto his company laptop designed to erase and override all information he had stored on that computer (including data he gathered during his employment and information reflecting other wrongdoing in violation of his contract).

In upholding the Plaintiff's claims under the Act, Judge Posner held that an employee's authority to access his or her employer's computer system terminates when they access the system for reasons contrary to the employer's best interests.  As such, the Court's analysis and holding related to the meaning of the phrase "without authorization" as used in the Act. Contrary to Defendant's assertion, *Citrin* Court did not *rule* that affecting a "command" by pressing a computer's delete or erase key is always necessarily insufficient to violate the Act. Rather, *in dicta,* the Court briefly observed that given the possibility of criminal sanctions under the Act, that "it might be stretching" the Act too far to consider "any typing" on a computer keyboard to fall under the Act.

Plaintiff respectfully submits that this dicta is insufficient to dismiss Plaintiff's action under the facts pled in Count I, as summarized above.  Plaintiff has plainly alleged that defendant knowingly and intentionally caused the transmission of a "code or command" to delete the subject information.  Defendant's wrongful deletion of computer data - whether by using a keystroke command or utilizing a deletion program – results in the same effect, loss of the subject computer data and harm to Plaintiff's business operations.

Accordingly, in view of the specific facts alleged in Count I, and the actual holding in *Citrin,* Plaintiff's Complaint should not be subject to 12(b)(6) dismissal.

B. *Garelli Wong & Associates v. Nichols* Does Not Require Dismissal of this Case

Defendant also argues that *Garelli Wong & Associates v. Nichols*, 1008 U.S. Dist. LEXIS 3288, at 17, requires dismissal since Plaintiff has failed to properly plead damages. Again, defendant's argument is misplaced.

In *Nichols,* Plaintiff sought trade secret misappropriation damages by virtue of defendant's alleged wrongful copying and e-mailing of such information, as opposed to *deleting or destroying* computer data as alleged here. Lacking any allegation of "damage" or "loss" that could be remedied by the Act, the *Nichols* court dismissed the action.

Here, however, in addition to defendant's wrongful copying and misappropriation of Plaintiff's Proprietary Business Information, paragraph 8 of the Complaint expressly alleges that he also "deleted, caused to be deleted, and intended to delete" same. *Nichols* thus differs dramatically from the instant facts and does not require 12(b)(6) dismissal, especially as Count I, par. 4, also properly pleads proximately resulting damages:

> **4. As a direct and proximate result thereof, Plaintiff has suffered damages in an amount well over $5,000 and to be determined at trial. 18 U.S.C. §1030(g).**

Accordingly, Nichols does not require dismissal of this case.

C. Other Case Law Supports Plaintiff's Claims Under the Act

Finally, Plaintiff would respectfully urge the Court to consider several other decisions interpreting the Act in ruling on defendant's motion. Given the far reaching purpose of the Act, especially 18 U.S.C. Sec. 1030(a)(2) and (a)(4), which appear to have been drafted to protect the theft of information and data, other courts - including one in the Northern District of Illinois - have permitted plaintiffs to proceed with claims under the Act based upon the copying of confidential information. *See, e.g., C.H. Robinson Worldwide v. Command Transportation, LLC*, 2005 WL 3077998 (N.D. Ill. 2005) and cases cited therein; *Carylon v. Mizubo Securities USA,*

5

*Inc.*, 2007 WL 2618658 (S.D.N.Y. 2007); and *HUB Group, Inc. v. Clancy,* 2006 WL 208864 at *3-*4 (E.D. Pa. 2006). Accordingly, Plaintiff respectfully submits that Count I sets forth all of the necessary elements for relief under the Act and should be sustained.

### III. Conclusion

For all of these reasons, Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied and that Defendant be required to file his Answer and any required Counterclaims. Alternatively, if necessary, Plaintiff should be granted leave to file an Amended Complaint, in lieu of dismissal, should the Court find that the Complaint lacks any required allegations so that relief may be granted under the Act.

        Respectfully submitted,

**ARIENCE BUILDERS, INC.**

        By: /s/ Randall B. Gold
        *Attorney for Plaintiff*

| | |
|---|---|
| Randall Gold (Illinois ARDC No. 6190918) | Joshua Karmel |
| Fox & Fox, S.C. | The Karmel Law Firm |
| 124 West Broadway | 221 N. LaSalle, Suite 1441 |
| Monona, WI 53716 | Chicago, IL 60603 |
| 608-258-9588 | 312-641-2910 |
| *rgoldlaw@aol.com* | *josh_karmellaw@ameritech.net* |