IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIENCE BUILDERS, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 08 C 921 |
| SCOTT BALTES, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Arience Builders, Inc. ("Arience") has filed a four count complaint ("the complaint") against defendant Scott Baltes ("Baltes") seeking relief under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 et seq., and state law. Defendant has filed a motion to dismiss the federal claim pursuant to Fed. R. Civ. P. 12(b)(6) and the remaining state law claims pursuant to Fed. R. Civ. P. 12(b)(1). For the following reasons, the motion is denied.

I.

The following is alleged in the complaint. Defendant was employed by plaintiff from or about September 19, 2007 until his termination on or about December 18, 2007. The parties' employment relationship was governed by a "Designer's Employment Contract" ("the contract") in which defendant agreed to keep

1

confidential plaintiff's proprietary business information and data. Under the contract, plaintiff also agreed to pay plaintiff's reasonable attorney's fees in connection with any breach thereof.

II.

In assessing defendant's motion to dismiss under FED. R. CIV. P. 12(b)(6), I must accept all well-pleaded facts in the complaint as true. *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. - -, 127 S. Ct. 1955, 1965 (May 21, 2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007).

III.

Defendant moves to dismiss on the ground that plaintiff has failed to state a claim under the CFAA. Under that Act, whoever "knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer . . . violates the Act." 18 U.S.C. § 1030(a)(5)(A)(I). Defendant argues plaintiff has failed to allege a "transmission" and relies on *Airport Ctrs., LLC v. Citrin*, 440 F.3d 418, 419 (7th Cir.

2006) in support. In particular, defendant cites the following passage from *Citrin*:

> Citrin argues that merely erasing a file from a computer is not a "transmission." Pressing a delete or erase key in fact transmits a command, but it might be stretching the statute too far (especially since it provides criminal as well as civil sanctions for its violation) to consider any typing on a computer keyboard to be a form of 'transmission' just because it transmits a command to the computer.

*Id.* *Citrin* did not have to resolve the present issue, however, for it went on to find that plaintiff had sufficiently alleged a transmission when defendant was alleged to have downloaded a program designed to permanently erase computer files. *Id.*

The complaint in this case alleges that

> At or just prior to the termination of his employment with Plaintiff, Defendant decided to go into business and/or compete with Plaintiff and Defendant first secretly and maliciously copied and converted Plaintiff's Proprietary Business Information on said laptop computer for his own use, and then deleted, caused to be deleted, and intended to delete, Plaintiff's Proprietary Business Information from said laptop computer.
>
> At or just prior to his termination of employment with Plaintiff, Defendant also copied and/or deleted or caused to be deleted other confidential and proprietary business data, information and trade secrets on said laptop computer and belonging to Plaintiff (as well as data that would have revealed the improper conduct in which Defendant had engaged before he departed from Plaintiff) and critical to its current and future business operations.

(Compl. at ¶¶ 8-9.) Count I of the complaint further alleges that defendant's conduct "constituted a code and/or command by him which was unauthorized and caused deletion of data and/or damage to [p]laintiff's protected computer and/or the described computer data stored therein" and that as a result "[p]laintiff has suffered damages in an amount well over $5,000." (Compl. at p. 4, ¶¶ 3-4.)

I find the allegations in the complaint, when taken in the best light to plaintiff, sufficiently allege a transmission under the CFAA. Plaintiff specifically alleges defendant's conduct constituted a transmission as "a code and/or command" which caused "deletion and/or damage" to the computer. This is more than enough under notice pleading standards. Moreover, the complaint does not allege that defendant merely struck the delete key on his computer, as was contemplated disapprovingly in *Citrin*, but also caused damage to the computer and the data stored therein.[1] Finally, based on its language, *Citrin* itself does not appear to have definitively resolved whether such an allegation is insufficient; however, I need not reach that issue as I find the allegations in the complaint exceed the mere-

---

[1] Under *Citrin*'s reasoning, any deletion which is not "easily recoverable" is arguably contemplated as a transmission under the CFAA. *Id.*

4

pressing-of-the-delete-key example. Accordingly, the motion to dismiss is denied and the motion to dismiss the remaining state law claims for lack of jurisdiction is denied as moot.

IV.

For the foregoing reasons, defendant's motion to dismiss is denied.


ENTER ORDER:

_____
Elaine E. Bucklo
United States District Judge

DATED: June 17, 2008